Larry N. Florian v. Commissioner.
Florian v. Commissioner
Docket No. 7723-70 SC.
United States Tax Court
T.C. Memo 1972-6; 1972 Tax Ct. Memo LEXIS 250; 31 T.C.M. (CCH) 13; T.C.M. (RIA) 72006; January 10, 1972, Filed Larry N. Florian, pro se, P.O. Box 214, Vernonia, Ore. Joseph M. Wetzel, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined the following deficiencies in petitioner's income tax: Year
Deficiency
1967
$629.89
1969
200.00
Due to numerous concessions by the parties, the only issues remaining for our consideration relate to the taxable year 1967 and involve a dependency exemption under section 152(a) [1] for petitioner's daughter and whether petitioner is entitled to use head-of-household rates. Petitioner had his legal residence in the State of Oregon at the time the petition herein was filed. He filed his 1967 return with the district director of internal revenue at Seattle, Washington. On August 26, 1957, petitioner married Martha Samsel (hereinafter referred to as Martha), a citizen of the German Federal Republic; Martha remained a citizen of Germany at all times. A daughter, Micheline, was born *252 to petitioner and Martha on November 4, 1958. In February 1963, Martha and Micheline moved to West Germany. Late in October 1967, they returned to Seattle and resided with petitioner until March 1968. Petitioner and Martha were divorced on April 18, 1969. During 1967, petitioner maintained his residence in Seattle, but, as he was an employee of the Coast and Geodetic Survey, most of his time was spent aboard ship. During 1967, petitioner sent $1,400 to Martha while she and Micheline resided in Germany, at least one-half of which was used for support of Micheline. Since petitioner and Martha were not divorced or legally separated under a decree or a separation agreement, section 152(e) does not apply herein. Petitioner may therefore claim Micheline as a dependent if he furnished over one-half of her support in 1967. Petitioner was the only witness and we found his testimony forthright and credible. While the evidence as to total support of Micheline is not entirely satisfactory, we are satisfied that petitioner contributed more than one-half of that support during the taxable year before us. [2]
*253 14 As to petitioner's use of head-of-household rates, section 1(b)(2)(A) (redesignated section 2(b)(2)(A) by the Tax Reform Act of 1969) requires that the taxpayer maintain as his home a household which constitutes the principal place of abode for certain specified persons (of which a daughter is one) during the taxable year. [3] Since Martha's apartment in Germany, in which Micheline lived in 1967, did not constitute petitioner's "principal place of abode," petitioner fails to meet the requirements of that section. (C.A. 7, 1970), affirming per curiam a Memorandum Opinion of this Court; (C.A. 5, 1969), affirming per curiam ; James J. Prendergast, 57 T.C. - (Jan. 6, 1972). To reflect our decision herein and the concessions of the parties, Decision will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended, and in effect during 1967.↩
2. Petitioner would be well advised, in future years, to present some corroborative evidence of the amount of total support provided to Micheline, as well as of his contribution thereto, in the event that his claim for the dependency exemption is questioned.↩
3. For this purpose, petitioner is considered not married for purposes of section 1(b) by virtue of section 1(b)(3)(C), inasmuch as Martha was a nonresident alien during 1967.↩